UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HOWARD J. DANZIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV11 RWS |
| ) | |
| CITY OF DEXTER, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Howard Danzig has filed a pro se complaint for alleged due process violations against several defendants, including the City of Dexter, Missouri; Joe Webber, the Mayor of Dexter; Mark Stidham, the City Administrator of Dexter; Michael Murphy, counsel for Dexter; Michael Murphy's law firm, Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphy, P.C.; and Judge Robert LeChien, Circuit Court Judge for the Twentieth Circuit of Illinois. The Defendants have filed various motions to dismiss, or in the alternative, for a more definite statement. I agree with Defendants that Danzig has failed to state a cognizable claim for relief, and I will dismiss the complaint. However, because Danzig is appearing pro se, I will grant him twenty days to re-file his complaint so that he may state a proper cause of action as to all Defendants except Judge LeChien. I will dismiss Danzig's claims against Judge LeChien because those claim are barred by judicial immunity.

## BACKGROUND

Howard Danzig is a Missouri resident, and he runs a business located in Missouri. Danzig alleges that the City of Dexter, through its attorneys, brought an action against him in Stoddard County, Missouri, for intentional and negligent misrepresentation. He further alleges that the City

of Dexter went "venue shopping" and "venue fixing" by dismissing the Missouri lawsuit and re-filing it in Illinois, where it is currently pending. Dexter claims that the alleged "venue shopping" and "venue fixing" is improper because neither party is domiciled in Illinois and no records are kept in Illinois. Danzig admits, however, that he conducts business with Illinois residents.

All of Danzig's claim arise out of the fact that he is a named defendant in the Illinois lawsuit. According to the complaint, the Illinois lawsuit is pending and no final judgment has been issued.

Danzig's alleges that the alleged "venue shopping" and "venue fixing" by the City of Dexter its attorneys deprived his rights to due process of law and to the equal protection of the laws. Danzig further alleges that Judge LeChien impermissibly aided the other Defendants by "willfully accept[ing] jurisdiction over the subject matter as well as over . . . Danzig."

## STANDARD

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

## ANALYSIS

Danzig alleges that his claims arise under the Constitution of the United States. However, the complaint lacks citation to any federal statute prohibiting "venue shopping," "venue fixing," or the filing of a lawsuit against an individual in a state other than that in which they reside. Nor has

Danzig challenged the constitutionality of Illinois' long-arm statute.[1] As a result, he has failed to state a cognizable claim against the City of Dexter, its agents, or its attorneys.

Danzig's claims against Judge LeChien are barred by the doctrine of judicial immunity. Judges are immune from personal liability for their actions performed in their capacity as judges. E.g., Forrester v. White, 484 U.S. 219, 225-27 (1988). In this case, all of Danzig's claims against Judge LeChien stem from actions he performed in his judicial capacity. As a result, Danzig's claims against Judge LeChien will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant LeChien's Motion to Dismiss [#17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Danzig's claims against Judge LeChien are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphy, P.C.'s and Michael Murphy's Motion to Dismiss [#11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Danzig's claims against Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphy, P.C., and Michael Murphy are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants the City of Dexter, Joe Webber, and Mark Stidham's Motion to Dismiss [#19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Danzig's claims against Defendants the City of

---

[1] The United States Court of Appeals for the Seventh Circuit has held that the Illinois long-arm statute complies with the requirements of the United States Constitution. E.g., Hyatt Intern. Corp. v. Coco, 302 F.3d 707, 714 (7th Cir. 2002).

Dexter, Joe Webber, and Mark Stidham are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Danzig shall file an amended complaint **within twenty (20) days** of the date of this Memorandum and Order. Failure to file an amended complaint within twenty days will result in the dismissal of this case with prejudice.

Dated this 16th day of March, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE